IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV643

| | |
|---|---|
| FREDERICK CANADY,      ) | |
| ) | |
| Plaintiff,      ) | |
| ) | |
| v.      ) | ORDER |
| ) | |
| ALVIN W. KELLER, JR.,      ) | |
| ) | |
| Defendant.      ) | |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed December 17, 2010. (Doc. No. 1).

In his Complaint against Alvin Keller, Secretary of the North Carolina Department of Correction, Plaintiff contends that his Constitutional rights are being violated at Lanesboro Correctional Institution. While Plaintiff's claim is not completely clear to the Court, it appears that Plaintiff is claiming that prison officials are using the money sent to him by family and friends to pay fines incurred due to his disciplinary infractions. (Doc. No. 1 at 3).

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires an inmate to exhaust "such administrative remedies as are available" before suing over prison conditions. The PLRA's exhaustion requirement is mandatory. See Anderson v. XYZ Correctional Heath Services, 407 F.3d 674, 676-77 (4th Cir. 2005) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). In cases covered by § 1997e(a), exhaustion of administrative remedies is mandatory. Porter, 534 U.S. at 524. "Even when the prisoner seeks relief not available in the grievance proceedings, notably money damages, exhaustion is a prerequisite to suit." Id. A Court may sua sponte dismiss a complaint for failure to exhaust if it is clear from the complaint that the inmate has not exhausted his administrative

1

remedies. Anderson v. XYZ, 407 F.3d at 674.

Plaintiff concedes that he has not fully exhausted his administrative remedies by stating that he has not appealed his grievance to the highest level possible because "I have one in at the time." (Doc. No. 1 at 2). In response to the question on his form Complaint asking the date he filed his grievance, Plaintiff responded "[t]hey sent it back because I got one in at the time." (Id.) Because the PLRA requires that an inmate fully exhaust his administrative remedies before suing over prison conditions, and it is clear from the Plaintiff's filings that he has not fully exhausted all three levels of the grievance process prior to filing his Complaint, Plaintiff's Complaint is dismissed without prejudice. Anderson, 407 F.3d at 682.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

Signed: December 28, 2010

Robert J. Conrad, Jr.
Chief United States District Judge